**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Eduardo BIBO–RODRIGUEZ,
Defendant–Appellant.**

**No. 90–50026.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 3, 1990.

Decided Jan. 4, 1991.

Wesley H. Mathews, Mathews, Bergen & Grier, San Diego, Cal., for defendant-appellant.

Patrick O'Toole, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before BOOCHEVER, BEEZER and TROTT, Circuit Judges.

BOOCHEVER, Circuit Judge:

Eduardo Bibo–Rodriguez appeals his conviction, following a conditional guilty plea, for importing approximately 682 kilograms of cocaine into the United States. Bibo–Rodriguez claims the district court erred in permitting the government to introduce subsequent act evidence to prove knowledge under Federal Rule of Evidence 404(b). We affirm the decision of the district court.

## FACTS AND PROCEDURAL HISTORY

On September 26, 1988, Bibo–Rodriguez drove a white Chevrolet truck into the United States from Mexico at the Otay Mesa Port of Entry. He was stopped by Customs agents and taken to a secondary inspection area, where he was searched. Meanwhile, other agents searched the truck by drilling a hole in its roof. The drill bit revealed a white powder that was identified as cocaine.

Bibo–Rodriguez was allowed to drive on into the United States where he left the truck in a parking lot and he returned to Mexico. Continued surveillance of the truck led to the arrest of four individuals for possession with intent to distribute cocaine and seizure of 678 kilograms of cocaine. A warrant was then issued for Bibo–Rodriguez' arrest.

On December 2, 1988, Bibo–Rodriguez was arrested in Los Angeles for possession for sale of thirty pounds of marijuana. Apparently, no check was made for outstanding federal warrants. After making a statement to Officer James Martin, Bibo–Rodriguez was arraigned, posted bail and returned to Mexico.

On June 12, 1989, Bibo–Rodriguez was stopped as he attempted to drive another truck across the border at Otay Mesa. A Customs agent noticed a marijuana cigarette in the bed of the truck and sent Bibo–Rodriguez for a secondary inspection. A record check revealed an outstanding warrant for importing cocaine into the United States on September 26, 1988. When asked about the events that took place on that date, Bibo–Rodriguez stated that a friend had paid him fifty dollars to drive the truck from Mexico into California, and that he knew nothing about the cocaine. Bibo–Rodriguez was arrested and remained in custody until his trial for cocaine possession.

Prior to trial, Bibo–Rodriguez filed a motion in limine to exclude "other act" evidence. The government sought to use Bibo–Rodriguez' December 2, 1988 arrest, and his December 2, 1988 statements to Officer Martin, to prove that Bibo–Rodriguez knew that the truck he drove on September 26, 1988 contained cocaine. Specifically, Officer Martin testified that, after the December arrest, Bibo–Rodriguez stated he routinely transported narcotics, both marijuana and cocaine, from Mexico into the United States. According to Officer Martin, Bibo–Rodriguez went on to say that he had done this on numerous occasions, using various vehicles including trucks when greater quantities of drugs were to be transported. He admitted to Officer Martin that on December 2, 1988, he transported marijuana across the border in the hollowed out side panels of a Chevy Vega hatchback.

After a hearing on the motion, the district court denied Bibo–Rodriguez' motion finding the "other act" evidence admissible under Federal Rule of Evidence 404(b). Bibo–Rodriguez entered a conditional guilty plea, reserving the right to appeal the court's pretrial ruling. He now appeals.

## DISCUSSION

### I.

We must determine whether the district judge erred in allowing the government to introduce subsequent "other act" evidence

to show knowledge pursuant to Fed.R. Evid. 404(b). The rule provides:

> *Other crimes, wrongs, or acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The district court's construction of 404(b) is a question of law subject to de novo review. *See United States v. Owens,* 789 F.2d 750, 753 (9th Cir.1986), *rev'd on other grounds,* 484 U.S. 554, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988).

■ Bibo–Rodriguez argues a distinction should be made between "prior" and "subsequent" "other act" evidence to prove knowledge, and asks this court to adopt an exclusion of subsequent act evidence. Although he cites authority supporting his position, we decline to follow three circuit courts which have disallowed subsequent "other act" evidence to prove knowledge. *See United States v. Garcia–Rosa,* 876 F.2d 209, 221 (1st Cir.1989); *United States v. Jimenez,* 613 F.2d 1373, 1376 (5th Cir. 1980); and *United States v. Boyd,* 595 F.2d 120, 126 (3d Cir.1978).

By its very terms, 404(b) does not distinguish between "prior" and "subsequent" acts. We have specifically allowed prior act evidence to prove knowledge. *United States v. Marsh,* 894 F.2d 1035, 1038 (9th Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 1143, 107 L.Ed.2d 1048 (1990). Moreover, in *United States v. Mehrmanesh,* 689 F.2d 822, 832–33 (9th Cir.1982), we allowed subsequent act evidence to prove intent. In *Mehrmanesh,* a witness testified that Mehrmanesh possessed and sold large quantities of drugs after his arrest for attempting to possess with intent to distribute heroin. The government sought to use the testimony concerning Mehrmanesh's subsequent activities to prove that he previously "intended something more than the mere personal use of the heroin at issue in

[the] case." *Id.* at 832. We concluded that the jury properly could draw such an inference regarding intent.

In this case, if Bibo–Rodriguez had been charged with the December 2, 1988 possession of the thirty pounds of marijuana with intent to distribute, and had contended that he was duped into carrying it across the border concealed in a panel of his vehicle, certainly proof that he knowingly imported cocaine similarly hidden on September 26, 1988, would have been admissible under Rule 404(b) to prove knowledge. *Marsh,* 894 F.2d at 1038. The fact that one knowingly took drugs across the border on an earlier occasion leads to an inference that he or she was not an innocent dupe on the latter occasion. There is an identical inference of knowledge when one charged with transportation of a controlled substance is shortly later found to transport knowingly in a similar manner a different controlled substance across the border. Thus, we hold the district court did not err by refusing to distinguish between "subsequent" and "prior" "other act" evidence.

## II.

Having determined that subsequent act evidence may be considered under Rule 404(b), we must now decide whether it was proper for the court to consider Bibo–Rodriguez' specific acts which occurred after the September 26, 1988 offense. The appropriate test to determine admissibility under Rule 404(b), set forth in *United States v. Miller,* 874 F.2d 1255, 1268 (9th Cir.1989), provides: (1) the other act evidence must tend to prove a material point; (2) the other act must not be too remote in time; (3) the evidence must be sufficient to support a finding that the defendant committed the other act; and (4) in some cases, the other act must be similar to the offense charged. *Id.* at 1268. "[I]n cases involving the use of prior crimes to show 'opportunity, knowledge, preparation or motive,' similarity may or may not be necessary depending upon the circumstances." *Id.* at 1269.[1] The court further noted that even if

---

1. "For example, if a person commits a second crime in order to cover up the first, proof of the first crime may be used to show motive for the second even though the crimes are dissimilar.

all four conditions are met, the evidence may still be excluded if under a Federal Rule of Evidence 403 analysis its probative value is substantially outweighed by the danger of unfair prejudice. *Id.* at 1268.

To prove Bibo–Rodriguez knew the truck he was driving on September 26, 1988, contained cocaine, the government offered two pieces of "other act" evidence: 1) Bibo–Rodriguez' post-arrest statements of December 2, 1988, that he routinely transported marijuana and cocaine into the United States, had done so on numerous occasions, he used larger trucks for greater quantities of drugs, and had been doing this for quite awhile; and 2) Bibo–Rodriguez' transportation of thirty pounds of marijuana on December 2, 1988.

### 1. The statements

While the parties characterize Bibo–Rodriguez' post arrest statements as "other act" evidence, we think the statements were admissions. A statement is not hearsay and is admissible as an admission when it is "the party's own statement in either an individual or a representative capacity...." Fed.R.Evid. 801(d)(2)(A). Bibo–Rodriguez' statements to Officer Martin were not hearsay and were admissible as long as they were relevant to the case at hand.

▪ Bibo–Rodriguez admitted that he transported thirty pounds of marijuana in the side panels of the Chevy Vega. He stated he had been routinely transporting cocaine and marijuana, and had been doing so for "quite awhile." The statements were made merely nine weeks after the charged offense and it is reasonable to conclude that he was referring to a period of time which included the charged offense. These statements therefore are relevant and admissible to show Bibo–Rodriguez knew the truck he drove across the border on September 26, 1988 contained cocaine.

Bibo–Rodriguez' brief also challenges the admissibility of the statements on credibility grounds. In particular, he points to the

testimony of his mother, Blanca Bibo–Rodriguez, that she never heard her son carry on a conversation in English, and that her son does not speak English. This evidence was contradicted by statements of Officer Martin and Customs Agent Spradlin. Officer Martin testified that he had a conversation with Bibo–Rodriguez on December 2, 1990, in English. Agent Spradlin testified that he had a conversation in English with Bibo–Rodriguez following Bibo–Rodriguez' June 12, 1989 arrest. Moreover, a conditional plea is not the appropriate means of resolving credibility issues. "The assessment of the credibility of witnesses is a prerogative of the trial court, and not that of an appellate court, which never heard nor saw the witnesses." *United States v. Obregon,* 748 F.2d 1371, 1377 (10th Cir. 1984) (citations omitted). We thus conclude the statements were properly admitted.

### 2. The transporting of thirty pounds of marijuana

▪ The district court further permitted the government to introduce Bibo–Rodriguez' "other act" of transporting thirty pounds of marijuana across the border on December 2, 1988 as proof that he knew the truck he was driving on September 26, 1988 contained cocaine. A district court's decision to permit the government to introduce evidence of a defendant's other acts is reviewed for abuse of discretion. *United States v. Vaccaro,* 816 F.2d 443, 452 (9th Cir.), *cert. denied,* 484 U.S. 914, 108 S.Ct. 262, 98 L.Ed.2d 220 (1987).

The first three requirements of *Miller* are satisfied. The transportation of marijuana goes to prove knowledge that he was transporting drugs in September, a material issue in the case. The arrest took place only nine weeks after the charged offense, so it is not too remote in time. Also, it is undisputed that Bibo–Rodriguez committed the December act.

Bibo–Rodriguez contends that the fourth element of *Miller* is not satisfied because the two offenses involved different drugs

On the other hand, when prior crimes are used to establish 'identity, *modus operandi,* or absence of mistake or accident,' such evidence

simply lacks probative value unless it is sufficiently similar to the subsequent offense." *Id.* (citation omitted).

and participants and therefore the other act is too dissimilar to be relevant. The Seventh Circuit addressed this very argument:

> This attempt to differentiate the two transactions is futile.... [B]oth transactions in essence involved distribution.... [B]oth transactions were patently illegal. 'The relevant factor is the type of activity undertaken, not the identity of the drugs.' Here, the nature of the activity was substantially similar to the indicted offenses: the distribution of commercial quantities of controlled substances.

*United States v. Moschiano*, 695 F.2d 236, 245 (7th Cir.1982), *cert. denied*, 464 U.S. 831, 104 S.Ct. 110, 78 L.Ed.2d 111 (1983) (citation omitted).

Similarity, to the extent that it bears on the relevance of the subsequent act, is necessary to indicate knowledge and intent. This is in contrast to identity cases where substantial similarity is essential to identify an unknown wrongdoer. Here, the subsequent offense is relevant to show that the defendant could not have been duped in the first instance, because he repeated a similar, although not identical, action on a subsequent occasion. As we concluded above, it is permissible for the trier of fact to consider the subsequent conduct in determining whether the defendant knew he was transporting drugs on the earlier occasion.

In the present case, Bibo–Rodriguez transported cocaine across the border in a vehicle's roof panel. The subsequently transported marijuana was similarly hidden in the hollowed out side panels of a vehicle. The evidence of the December marijuana transaction indicated that Bibo–Rodriguez was not duped during the September transaction and therefore he must have known that he was carrying cocaine. Moreover, the evidence of transporting marijuana is highly probative and does not unfairly prejudice Bibo–Rodriguez. The district judge, therefore, did not abuse his discretion in finding the evidence relevant and admissible to show Bibo–Rodriguez knew that he was carrying 678 kilograms of cocaine across the border on September 26, 1988.

## CONCLUSION

Federal Rule of Evidence 404(b) does not make a distinction between prior and subsequent "other act" evidence to prove knowledge. We conclude that the district court did not err in admitting Bibo–Rodriguez' statements of December 2, 1988 and the evidence of Bibo–Rodriguez' transporting marijuana.

AFFIRMED.