959 F.2d 243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony John SPOSATO, Defendant-Appellant.
 No. 90-50114.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 6, 1991.
Decided April 2, 1992.
 
 1
 Before SCHROEDER and KOZINSKI, Circuit Judges, and REED, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Sposato was convicted of one count of distribution of 992 grams of cocaine in violation of 21 U.S.C. § 841(a)(1). He raises three issues on appeal.[1]
 
 
 4
 A. Sposato argues that the district court abused its discretion by allowing the prosecutor to cross-examine him about his subsequent drug transactions. Sposato's counsel opened the door to questions about these transactions by asking Sposato on direct examination whether he had been a drug dealer before or after June 1988. Sposato responded no. This line of questioning by the defense permitted the prosecution to ask Sposato questions that would show Sposato's untruthfulness. Fed.R.Evid. 608(b); United States v. Perry, 857 F.2d 1346, 1352 (9th Cir.1988); cf. United States v. Kinslow, 860 F.2d 963, 968 (9th Cir.1988). In addition, prior and subsequent act evidence is admissible to show knowledge or intent, and was thus relevant here. Fed.R.Evid. 404(b); United States v. Bibo-Rodriguez, 922 F.2d 1398, 1400 (9th Cir.1991).
 
 
 5
 B. Sposato contends that his base offense level should have been computed solely on the basis of the 992 grams that he was convicted of distributing. The court computed the base offense level by adding the amount that Sposato attempted to sell to the amount that he did sell. This is correct under section 1B1.3 of the Guidelines. Application Note 2 to section 1B1.3 states:
 
 
 6
 For example, the defendant sells 30 grams of cocaine ... on one occasion and, as part of the same course of conduct or common scheme or plan, attempts to sell an additional 15 grams of cocaine ... on another occasion. The defendant is convicted of one count charging the completed sale of 30 grams of cocaine. The two offenses (sale of cocaine and attempted sale of cocaine), although covered by different statutory provisions, are of a character for which § 3D1.2(d) would require the grouping of counts, had the defendant been convicted of both counts. Therefore, subsection (a)(2) applies and the total amount of cocaine (45 grams) involved is used to determine the offense level.
 
 
 7
 Under the Guidelines, therefore, a defendant who attempts to sell a certain amount of drugs but is thwarted is no less blameworthy than a defendant who attempts to sell a certain amount of drugs and succeeds. See also United States v. Restrepo, 903 F.2d 648, 651-53 (9th Cir.1990), reheard en banc on other grounds, 946 F.2d 654, 655 (9th Cir.1991).
 
 
 8
 C. Finally, Sposato argues that the district court erred by failing to reduce his sentence for acceptance of responsibility. Sposato denied attempting to sell five kilograms of cocaine; he therefore denied conduct relevant to the offense of conviction. U.S.S.G. § 3E1.1. The district court thus did not err in denying the reduction. See United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The Honorable Edward C. Reed, Jr., United States District Judge, District of Nevada, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his opening brief, Sposato raised a fourth--that the court should have given the jury an entrapment instruction. The court did in fact instruct the jury on entrapment