29 F.3d 634
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose BANOS-RIVERA, Defendant-Appellant.
 No. 93-10407.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 21, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Banos-Rivera appeals his conviction for conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. Sec. 846. Banos-Rivera contends that the district court abused its discretion by admitting evidence that he arranged a marijuana transaction six months after his arrest. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 Banos-Rivera was arrested after leaving a stash house containing over five hundred pounds of marijuana. At trial, the owner of the house testified that Banos-Rivera had arranged to rent the house for the purpose of storing marijuana and was the source of the marijuana. In addition, the government introduced a tape-recorded telephone conversation in which Banos-Rivera, while in pretrial custody, discussed a marijuana transaction of a few hundred pounds.
 
 
 4
 We review for abuse of discretion the district court's decision to permit the government to introduce evidence of a defendant's other acts. United States v. Bibo-Rodriguez, 922 F.2d 1398, 1401 (9th Cir.), cert. denied, 111 S.Ct. 2861 (1991).
 
 
 5
 A defendant's subsequent other act is admissible to show knowledge or identity, if the following test is satisfied:
 
 
 6
 (1) the other act evidence must tend to prove a material point; (2) the other act must not be too remote in time; (3) the evidence must be sufficient to support a finding that the defendant committed the other act; and (4) in some cases, the other act must be similar to the offense charged.... [Finally,] the evidence may still be excluded if under a Federal Rule of Evidence 403 analysis its probative value is substantially outweighed by the danger of unfair prejudice.
 
 
 7
 Id. at 1400-01 (citations omitted).
 
 
 8
 Here, the arrangement of a marijuana transaction after his arrest tended to prove that Banos-Rivera knew he was involved with the marijuana at the stash house. See id. at 1401. It also corroborated his identity as the source of that marijuana. The events were not too remote in time, since they occurred within six months of each other. See id. Because the record showed that the telephone number had been found in Banos-Rivera's cell and a witness had identified Banos-Rivera's voice, the jury could conclude reasonably that Banos-Rivera had made the telephone call. See United States v. Ramirez-Jiminez, 967 F.2d 1321, 1326 (9th Cir.1992) (agent's testimony sufficient to prove defendant was connected to the other act). The subsequent act and charged offense were similar. See Bibo-Rodriguez, 922 F.2d at 1401-02 (importation of cocaine was similar to importation of marijuana). Finally, the danger of unfair prejudice did not outweigh the probative value of the evidence. See id. at 1402. Therefore, the district court did not abuse its discretion by admitting the other act evidence.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3