42 F.3d 1403
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rogelio Sanchez CARRANZA, Defendant-Appellant.
 No. 93-50276.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1994.*
Decided Oct. 11, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rogelio Sanchez Carranza appeals his conviction following a jury trial for possession with intent to distribute heroin in violation of 21 U.S.C. Sec. 841, and conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. Sec. 846. Carranza contends that: (1) the district court erred by admitting evidence of his involvement in a prior drug transaction; and (2) that his convictions for both conspiracy and possession with intent to distribute heroin violate Wharton's Rule. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 * Prior Bad Acts
 
 
 4
 Carranza contends that the district court erred by admitting into evidence a taped conversation in which he discussed an unrelated narcotics transaction. We review for abuse of discretion a district court's decision to admit evidence of prior bad conduct pursuant to Federal Rule of Evidence 404(b) and 403. United States v. Arambula-Ruiz, 987 F.2d 599, 602 (9th Cir.1993).
 
 
 5
 Rule 404(b) allows the introduction of such evidence "as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.r.Evid. 404(b). Evidence of a prior bad act can only be admitted under Fed.R.Evid. 404(b) if that evidence (1) tends to prove a material point; (2) is not too remote in time; (3) is sufficient to support a finding that the defendant committed the other act; and (4) if admitted to prove intent, is similar to the offense charged. United States v. Luna, 21 F.3d 874, 878 (9th Cir.1994) (citing United States v. Bibo-Rodriguez, 922 F.2d 1398, 1400 (9th Cir.), cert. denied, 501 U.S. 1234 (1991)).
 
 
 6
 "[E]vidence of a defendant's prior possession or sale of narcotics is relevant under Rule 404(b) to issues of intent, [and] knowledge ... in prosecutions for possession of, and intent to distribute narcotics." United States v. Houser, 929 F.2d 1369, 1373 (9th Cir.1991); see also United States v. Hegwood, 977 F.2d 492, 497 (9th Cir.1992).
 
 
 7
 Here, Carranza maintained that he did not know about the narcotics which the police found hidden in the clothing of a passenger in his car. To prove that Carranza did have knowledge of the heroin as well as intent to distribute it, the government introduced a tape recording of a conversation between Carranza and his cousin which had occurred six weeks prior to being charged with the instant offense. Carranza can be heard discussing a transaction involving the sale of cocaine.[1] The evidence of Carranza's prior involvement tended to show that he had previously engaged in drug trafficking, see Houser, 929 F.2d at 1373, which is material to Carranza's intent and knowledge. See United States v. Arambula-Ruiz, 987 F.2d 599, 602 (9th Cir.1993) (evidence of prior drug transaction properly admitted under 404(b) because knowledge is a material element of possession with intent to distribute); United States v. Mayans, 17 F.3d 1174, 1182 (9th Cir.1994) (intent is material issue where government must prove defendant had requisite intent to distribute).
 
 
 8
 The tape recording also satisfies the other prongs of the four-part test set forth in Luna, 21 F.3d at 878. The time lapse of six weeks between the taped conversation and the police stop that led to this conviction can not be considered too remote. See, e.g., Arambula-Ruiz, 987 F.2d at 603 (upholding admission of acts that occurred 15 months prior to the charged conduct).
 
 
 9
 The evidence was sufficient to support a finding that Carranza committed the other act. His voice was identified by a police officer who had taped and monitored the conversation. See Houser, 929 F.2d at 1373 (sufficient proof for prior act has a "low threshold").
 
 
 10
 Finally, the prior act was sufficiently similar to the charged conduct to satisfy the fourth prong. The fact that the prior act and the charged conduct involved two different controlled substances does not render the two incidents dissimilar. See Bibo-Rodriguez, 922 F.2d at 1402.
 
 
 11
 Carranza also contends that the district court failed to employ the balancing test set forth in Fed.R.Evid. 403. "Even if all four factors are met, evidence may still be excluded under Rule 403 if the prejudicial effect outweighs its probative value." United States v. Miller, 874 F.2d 1255, 1268 (9th Cir.1989). Although the district court did not make an explicit finding that the prejudicial effect did not outweigh the probative value, "we will uphold admission of the evidence when it is clear from the record that the court implicitly made the necessary finding." United States v. Ramirez-Jimenez, 967 F.2d 1321, 1326 (9th Cir.1992).
 
 
 12
 Here, the court found the recording was admissible under 404(b) on the issue of knowledge and intent, and stated at the hearing that the court was prepared to find it admissible under 403, unless the defense had a theory that would render it irrelevant. This explicit reference to Rule 403 indicates that the district court made the necessary finding.
 
 
 13
 Furthermore, because the district court gave a proper limiting instruction regarding the purpose for which this evidence was admitted, the prejudicial effect did not outweigh its probative value. See Arambula-Ruiz, 987 F.2d at 604.
 
 
 14
 Therefore, the district court did not abuse its discretion by admitting evidence of Carranza's recorded conversation. See Houser, 929 F.2d at 1373; Mehrmanesh, 689 F.2d at 831.
 
 II
 Wharton's Rule
 
 15
 Carranza contends that his convictions for both the substantive offense of possession with intent to distribute and conspiracy to possess with intent to distribute violate Wharton's Rule because all the elements of conspiracy are also present in the substantive crime itself.
 
 
 16
 "Whether a defendant may be convicted of both conspiracy and ... the substantive offense is a question of statutory construction reviewed de novo." United States v. Castro, 887 F.2d 988, 996 (9th Cir.1989).
 
 
 17
 Wharton's Rule "provides that '[a]n agreement by two persons to commit a particular crime cannot be prosecuted as a conspiracy when the crime is of such a nature as to necessarily require the participation of two persons for its commission.' " Id. (quoting Ianelli v. United States, 420 U.S. 770, 782-83 (1975)). Wharton's Rule today "has ... vitality only as a judicial presumption, to be applied in the absence of legislative intent to the contrary." Ianelli, 420 U.S. at 782; United States v. Huber, 772 F.2d 585, 591 n. 5 (9th Cir.1985).
 
 
 18
 Separate convictions for conspiracy, and aiding and abetting the substantive offense that is the object of the conspiracy, do not violate Wharton's Rule because "[a]iding and abetting does not require an agreement between two parties, a necessary prerequisite for a conspiracy conviction." Castro, 887 F.2d at 996; see also Huber, 772 F.2d at 591-592.
 
 
 19
 Here, Carranza was charged with the substantive offense of possession with intent to distribute narcotics, which is not an offense that requires more than one actor. Because the heroin was found on Carranza's cousin, the government based Carranza's guilt on theories of constructive possession, aiding and abetting, and co-conspirator liability. Constructive possession does not require an agreement between two parties. Likewise, aiding and abetting a substantive crime does not require an agreement. See Castro, 887 F.2d at 996. Therefore, Carranza's convictions for both the substantive offense of possession and conspiracy do not violate Wharton's Rule. Id.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The conversation was taped in an interview room at a police station where Carranza was being held on unrelated charges. On tape, Carranza stated that two more pounds of cocaine had arrived, and that he is owed $17,000