42 F.3d 1404
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark Anthony SPENCER, Defendant-Appellant.
 No. 93-10638.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 3, 1994.
Decided Nov. 16, 1994.
 
 1
 Before: PREGERSON, WIGGINS, Circuit Judges, and LEW*, District Judge.
 
 
 2
 MEMORANDUM**
 
 OVERVIEW
 
 3
 Mark Anthony Spencer was charged with setting fire to his apartment at the Sunrise Arms Apartments on June 14, 1992, in violation of 18 U.S.C. Sec. 844(i). Spencer appeals his jury conviction based on three evidentiary rulings by the district court. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 FACTS
 
 4
 In early June 1992, the manager of the Sunrise Arms Apartments began eviction proceedings against Spencer, who was behind on his rent payments. During the eviction process, Spencer verbally assaulted and threatened the apartment manager, his wife, and the constable who served the eviction notice. Hours after the eviction notice was posted, Spencer's apartment was set on fire.
 
 
 5
 The government's case against Spencer included testimony by the fire investigator assigned to the case. She stated that she was "certain" the fire had been set intentionally because burn patterns indicated it had started in three separate places--on top of the bed, couch, and a chair--and an accelerant had been used. The government's case also included testimony that Spencer had threatened to burn the apartment; testimony that Spencer telephoned the manager a few days after the fire and admitted that he had started it; and two audio taped telephone conversations between a person identified as Spencer and a confidential informant ("CI"), which contained inculpatory statements by Spencer. The CI did not testify at trial.[1]
 
 
 6
 Spencer pled not guilty. He argued alternatively that others besides him had a motive to set the fire, or that the condition of the apartment contributed to the fire. Spencer called another tenant who testified to the poor conditions of the apartments. He tried to introduce two video taped news stories that described the poor conditions of the apartments, but the district court ruled the tapes inadmissible. The tapes included interviews with tenants who pointed out defects in their apartments to the news reporters, and an interview with the apartment manager who stated that the tenants were sabotaging their own apartments. The video tapes were made several months after the fire and did not mention the fire at all.
 
 
 7
 At the jury's request, the two audio taped conversations were replayed twice during deliberations, under court supervision.[2] The jury returned a verdict against Spencer and the judge sentenced him to 110 months imprisonment, followed by a three-year term of supervised release, and ordered Spencer to pay $13,754.07 in restitution.
 
 DISCUSSION
 I. STANDARD OF REVIEW
 
 8
 This court reviews alleged errors in a district court's evidentiary rulings for abuse of discretion. United States v. Blaylock, 20 F.3d 1458, 1462 (9th Cir.1994). Even if this court would reach a different conclusion, the district court's decision will not be overturned absent "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached." United States v. Plainbull, 957 F.2d 724, 725 (9th Cir.1992). Spencer's constitutional challenges are reviewed de novo. See United States v. George, 960 F.2d 97, 99 (9th Cir.1992) (Confrontation Clause challenge).
 
 
 9
 II. ADMISSIBILITY OF THE AUDIO TAPE RECORDINGS
 
 
 10
 Spencer objects to the district court's admission of the two audio taped conversations. He argues that the audio tapes were inadmissible as "prior bad acts" evidence and as hearsay. He also argues that admission of the tapes without calling the CI as a witness violated his Sixth Amendment right to confront witnesses against him.
 
 
 11
 The audio tapes contain incriminating statements by a speaker identified as Spencer. The district court therefore could conclude that Rule 404(b) did not apply because the statements were party admissions and not evidence of other acts or crimes. See United States v. Bibo-Rodriguez, 922 F.2d 1398, 1401 (9th Cir.) (distinguishing "other act" evidence from party admissions), cert. denied, 501 U.S. 1234 (1991). The district court also could conclude that neither Spencer's nor the CI's statements were inadmissible hearsay. Federal Rule of Evidence 801(d)(2)(A) provides that party admissions are not hearsay, and a CI's statements admitted for "context" and not for their truth also are not hearsay. See United States v. Whitman, 771 F.2d 1348, 1352 (9th Cir.1985).
 
 
 12
 We reject Spencer's Confrontation Clause challenge to admission of the CI's taped statements. The admission of nonhearsay statements generally does not violate the Confrontation Clause. See Tennessee v. Street, 471 U.S. 409, 414 (1984). A limiting instruction is "the appropriate way to limit the jury's use of [nonhearsay statements] in a manner consistent with the Confrontation Clause." Id. at 417; cf. United States v. Vargas, 933 F.2d 701, 705 (9th Cir.1991) (finding Confrontation Clause violation where jury was not instructed that witness's prior testimony was to be considered solely for impeachment purposes and not as substantive evidence). In this case, the judge instructed the jury that the CI's statements were not to be considered for their truth.
 
 
 13
 III. REPLAYING THE AUDIO TAPES DURING JURY DELIBERATIONS
 
 
 14
 Spencer next argues that the district court erroneously allowed the audio tapes to be replayed twice for the jury during its deliberations. He claims that replaying the tapes placed undue emphasis on them.
 
 
 15
 The district court has "wide latitude to determine whether or not to replay testimony and should consider the likelihood of undue emphasis in light of the particular circumstances of any given case." United States v. Felix-Rodriguez, 22 F.3d 964, 966 (9th Cir.1994). In this case, other evidence was adduced at trial from which the jury could infer guilt, such that the replay was not an impermissible repetition of the government's case. Moreover, the district court carefully supervised the replay of all portions of the tape that had been admitted, after considering and rejecting Spencer's objection. S ee id. at 966; United States v. Sacco, 869 F.2d 499, 502-03 (9th Cir.1989). Therefore, on the facts of this case, the district court did not abuse its discretion by replaying the tapes.
 
 IV. EXCLUSION OF THE VIDEO TAPES
 
 16
 Spencer also appeals the district court's exclusion of the two video taped news stories about apartment conditions at the Sunrise Arms. Spencer concedes that the tapes do not mention the fire at all and that no one on the tapes expressly states or suggests that poor apartment conditions or dissatisfied tenants caused the fire. Spencer was allowed to introduce evidence of apartment conditions by calling another tenant to testify and by cross-examining the apartment manager. On these facts, the district court's refusal to admit the video tapes was not an abuse of discretion.
 
 
 17
 Because the district court permissibly concluded that the video tapes were inadmissible, we reject Spencer's argument that exclusion of the tapes prevented him from presenting his theory of the case and thereby violated due process. Chambers v. Mississippi, 410 U.S. 284, 302 (1972) (in exercising his right to present witnesses in his defense, a defendant must still "comply with established rules of procedure and evidence designed to assure both fairness and reliability").[3]
 
 CONCLUSION
 
 18
 The district court did not abuse its discretion in any of the three challenged evidentiary rulings. Spencer's conviction therefore is AFFIRMED.
 
 
 
 *
 Hon. Ronald S.W. Lew, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The tapes were admitted through Officer William Brooks, who taped both conversations. Spencer does not challenge Officer Brooks's competence to testify to the identities of the individuals heard on the tapes. See generally United States v. Turner, 528 F.2d 143, 163 (9th Cir.) (per curiam) (officer listening to conversation as it was being taped is competent to identify voices on the tape), cert. denied, 423 U.S. 996 (1975)
 
 
 [2]
 During the replay, jurors were also given transcripts of the taped conversations. Spencer does not challenge the jury's use of the transcripts
 
 
 [3]
 Chambers requires admission of otherwise excludable evidence if it is "sufficiently reliable and crucial to the defense." United States v. Lopez-Alvarez, 970 F.2d 583, 588 (9th Cir.), cert. denied, 113 S.Ct. 504 (1992). In light of the content and nature of the video tapes, we conclude that they are not sufficiently reliable or crucial to Spencer's defense to require admission under the Chambers exception