99 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kathleen LENNARTZ, Defendant-Appellant.
 No. 95-303998.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 11, 1996.
Decided Oct. 25, 1996.
 
 Appeal from the United States District Court for the Eastern District of Washington, No. CR-95-02045-1-AAM; Alan A. McDonald, District Judge, Presiding.
 E.D.Wash.
 REVERSED IN PART, AFFIRMED IN PART, VACATED IN PART.
 Before: BROWNING, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kathleen Lennartz appeals her conviction for possession of unregistered shortened shotguns, use of a firearm during a narcotics trafficking offense, and narcotics trafficking. We affirm in part, reverse in part, vacate her sentence and remand.
 
 
 3
 (1) Lennartz asserts that the district court improperly admitted the evidence of a subsequent bad act, that is her apparent supply of drugs to a person found in her car--a car in which she had syringes, needles, pipes, heroin, cocaine and methamphetamine, among other things. We disagree. Under Federal Rule of Evidence 404(b) other crimes evidence is not admissible to show character, but may be admitted to show intent or knowledge. See United States v. Mayans, 17 F.3d 1174, 1181 (9th Cir.1994); United States v. Ayers, 924 F.2d 1468, 1472-73 (9th Cir.1991). Evidence of subsequent conduct may be admitted under Rule 404(b). United States v. Bibo-Rodriguez, 922 F.2d 1398, 1400 (9th Cir.), cert. denied, 501 U.S. 1234, 111 S.Ct. 2811, 115 L.Ed.2d 1028 (1991); Ayers, 924 F.2d at 1473. Nonetheless, the probative value of the evidence must not be substantially outweighed by any unfair prejudice. Fed.R.Evid. 403. Finally, the evidence must satisfy a four-part test: it must (1) tend to prove a material point; (2) not be too remote in time; (3) be sufficient to support a finding that the defendant committed the other act; (4) and if admitted to prove intent, be similar to the offense charged. Ayers, 924 F.2d at 1473; see also Bibo-Rodriguez, 922 F.2d at 1400.
 
 
 4
 The district court obviously carefully considered its decision regarding this evidence and properly determined that the evidence was relevant to show Lennartz' intent to distribute methamphetamine and her knowledge. Those were material points which she had contested. Moreover, Lennartz does not contest the other three Rule 404(b) factors, and they were satisfied here. Finally, this evidence was not "unfairly prejudicial" under Rule 403. See Ayers, 924 F.2d at 1474.
 
 
 5
 (2) Lennartz also objects to the district court's admission of most of the government's rebuttal case. She contends both that she was denied a fair trial because the prosecution did not disclose rebuttal witnesses before trial and that the evidence was not proper rebuttal.
 
 
 6
 First, it is well-settled that the government "is not ordinarily required to disclose [rebuttal] witnesses." United States v. Gering, 716 F.2d 615, 621 (9th Cir.1983); see also United States v. Dischner, 974 F.2d 1502, 1522 (9th Cir.1992), cert. denied, 507 U.S. 923, 113 S.Ct. 1290, 122 L.Ed.2d 602 (1993); United States v. Angelini, 607 F.2d 1305, 1308-09 (9th Cir.1979). Although the court had ordered the government to disclose witnesses, the court made it clear the order did not include rebuttal witnesses. There was simply no error here.
 
 
 7
 Second, the district court did not abuse its discretion when it admitted evidence from witnesses who testified to Lennartz' trafficking in drugs. Relevant evidence is any evidence which tends to prove a fact in issue. Fed.R.Evid. 401; United States v. Dean, 980 F.2d 1286, 1288 (9th Cir.1992). Here, all of the rebuttal evidence was relevant to support the government's case; it tended to show that she was engaged in drug dealing before Bertram died and that her drug use after his death did not stem entirely from depression.
 
 
 8
 (3) Lennartz asserts that the district court erred when it instructed on the knowledge element for possession of a sawed-off shotgun. See Staples v. United States, 511 U.S. 600, 114 S.Ct. 1793, 1804, 128 L.Ed.2d 608 (1994). The government concedes that there was error and that her conviction on Counts 1 and 2 of the Superseding Indictment must be reversed. Therefore, we will reverse her conviction on those counts. That, of course, also necessitates the vacation of her sentence.
 
 
 9
 (4) Finally, the parties agree that the jury instructions on the counts which charged use of firearms in narcotics trafficking under 18 U.S.C. § 924(c)(1) were deficient. Section 924(c)(1) provides an additional punishment for anyone who "uses or carries" a firearm "during and in relation to" any drug trafficking crime. 18 U.S.C. § 924(c)(1). While we had defined "use" broadly, a few months after Lennartz was convicted the Supreme Court held that use under section 924(c) requires "active employment" of the firearm. Bailey v. United States, --- U.S. ----, 116 S.Ct. 501, 505, 133 L.Ed.2d 472 (1995); see United States v. Thompson, 82 F.3d 849, 852-53 (9th Cir.1996). Thus, the firearm "must have played some role in the predicate drug trafficking crime" and the jury must be instructed on that point. Thompson, 82 F.3d at 852-53. In this case, the jury was not instructed on every aspect of active employment, but that error was harmless.
 
 
 10
 In Bailey, the Court reaffirmed that "barter of a gun for drugs" constitutes "use" for section 924(c)(1). 116 S.Ct. at 505. In doing so, the Court was simply following its earlier holding where it extensively analyzed barter as a "use" for section 924(c)(1) purposes and concluded that barter satisfies the statute. Smith v. United States, 508 U.S. 223, 113 S.Ct. 2050, 2056-58, 124 L.Ed.2d 138 (1993); see also United States v. Hernandez, 80 F.3d 1253, 1257 (9th Cir.1996) ("use" includes bartering). In fact, part of the jury instructions in this case recognized Smith. The jury was instructed that a firearm has a role in a crime "if it is traded for controlled substances."
 
 
 11
 Moreover, there was a great deal of evidence to support Lennartz' conviction for bartering drugs for the Higgins shotgun, the only section 924(c) offense for which the jury found guilt. Finally, the case regarding the Higgins shotgun was presented to the jury on that theory alone. Accordingly, there is "no reasonable probability that the [erroneous instruction] materially affected the verdict," and any error is harmless beyond a reasonable doubt. See United States v. Rubio-Villareal, 967 F.2d 294, 297 n. 3 (9th Cir.1992) (en banc).
 
 
 12
 Therefore, Lennartz' conviction is reversed as to Count 1 and 2 of the Superseding Indictment and affirmed as to the other counts. We also vacate her sentence, and remand for further proceedings, including resentencing.
 
 
 13
 REVERSED in part, AFFIRMED in part, VACATED in part, and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3