**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Luis Manuel HERNANDEZ,
Defendant—Appellant.**

No. 00–50383.
D.C. No. CR–99–03491–TJW.

United States Court of Appeals,
Ninth Circuit.

Argued March 7, 2001.

Submitted Feb. 7, 2003.

Decided Feb. 10, 2003.

Before BROWNING, BRUNETTI and HAWKINS, Circuit Judges.

MEMORANDUM *

Luis Manuel Hernandez appeals his conviction for importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960, and possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). He raises two arguments: first, the district court prejudicially admit-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ted his prior conviction for possession for sale of cocaine base, and second, *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), requires a reversal of his convictions, because 21 U.S.C. §§ 841, 952, and 960 are unconstitutional.

First, the district court properly admitted evidence of Hernandez's prior conviction. Hernandez's prior conviction is relevant because it tends to show knowledge, a material element of possession with intent to distribute marijuana. 21 U.S.C. § 841(a)(1). It was not an abuse of discretion for the district court to determine that the prior conviction for possession of cocaine base for sale tended to prove that Hernandez knew that the car he was driving contained marijuana. *United States v. Bibo–Rodriguez*, 922 F.2d 1398, 1401–02 (9th Cir.1991). Furthermore, Hernandez presented a defense that he did not know the marijuana was in the car. At the very least, the prior conviction was admissible to rebut that claim. *See United States v. Arambula–Ruiz*, 987 F.2d 599, 603 (9th Cir.1993) ("It helped disprove [the defendant]'s contention that he was merely an innocent bystander, and tended to show that he was aware of the [drug] transaction.").

His prior conviction is similar to the instant offense. Both prior convictions involve trafficking in narcotics. "Both transactions in essence involved distribution.... Both transactions were patently illegal. The relevant factor is the type of activity undertaken, not the identity of the drugs." *Bibo–Rodriguez*, 922 F.2d at 1402 (internal quotations and citations omitted). Nor is his 1991 conviction too remote from the present offense. *See United States v. Ono*, 918 F.2d 1462, 1465 n. 2 (9th Cir. 1990) (admitting a seven-year old conviction for possession of heroin with intent to distribute, in prosecution for conspiracy to manufacture synthetic heroin); *see also United States v. Spillone*, 879 F.2d 514, 519 (9th Cir.1989).

Finally, the district court did not abuse its discretion when it balanced probity and prejudice under Rule 403 and admitted the conviction with a limiting instruction. *See Arambula–Ruiz*, 987 F.2d at 604.

Second, the drug sentencing statutes at issue in this case, 21 U.S.C. §§ 841, 952, and 960, have been held to be facially constitutional. *See United States v. Buckland*, 289 F.3d 558, 562 (9th Cir.2002) (en banc) (rejecting constitutional challenge to § 841); *United States v. Varela–Rivera*, 279 F.3d 1174, 1175 n. 1 (9th Cir.2002) (rejecting constitutional challenge to § 952); *United States v. Mendoza–Paz*, 286 F.3d 1104, 1109–10 (9th Cir.2002) (rejecting constitutional challenge to § 960).

AFFIRMED.