**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Rigoberto FERNANDEZ–CASTILLO,
Defendant—Appellant.**

**No. 01–30398.**

**D.C. No. CR–00–00084–RFC.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 8, 2002.

Decided April 8, 2003.

See also: 324 F.3d 1114.

Before FERGUSON, FISHER, and
TALLMAN, Circuit Judges.

MEMORANDUM *

Appellant Rigoberto Fernandez–Castillo
("Fernandez") challenges his conviction of
possession with intent to distribute meth-
amphetamine in violation of 21 U.S.C.
§ 841(a)(1). Fernandez asserts his rights
under the Speedy Trial Act, 18 U.S.C.
§ 3161, were violated and contends the
district court erred in allowing testimony
at trial of his prior bad acts. We affirm.[1]

I

The Speedy Trial Act requires the trial
of a defendant to "commence within sev-
enty days from the filing date (and mak-
ing public) of the information or indict-
ment, or from the date the defendant has
appeared before a judicial officer of the
court." 18 U.S.C. § 3161(c)(1). If re-
quired by the ends of justice, the court
may grant a continuance and declare cer-
tain days excludable from the seventy-day
Speedy Trial clock. *Id.* § 3161(h)(8)(A).
In determining whether the ends of jus-
tice warrant delaying a trial, one factor
the court must consider is whether the
failure to grant a continuance would deny
defense counsel "the reasonable time nec-
essary for effective preparation." *Id.*
§ 3161(h)(8)(B)(iv).

---

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as provided by Ninth
Circuit Rule 36–3.

1. In a separate published opinion, we address
Fernandez's argument that his car was
stopped in violation of the Fourth Amend-
ment.

On February 14, 2001, Fernandez moved for a continuance. The district court granted the continuance the next day, postponing the trial from February 27, 2001, until April 30, 2001. The court found the delay excludable under 18 U.S.C. § 3161(h)(8) and cited as its reason defense counsel's need for more time to adequately prepare for trial.

The granting of this continuance effectively superseded the prior *sua sponte* one-day continuance, rendering it a nullity and implicitly finding as of February 14 that the "ends of justice" would be served by delaying the start of trial as Fernandez requested. Fernandez cannot claim he was prepared for trial on February 26 but not February 27. The Speedy Trial Act is a shield, not a sword. *United States v. Shetty*, 130 F.3d 1324, 1331 (9th Cir.1997); *see also United States v. Lewis*, 980 F.2d 555, 562 (9th Cir.1992) ("Where a defendant's own actions contribute to the need for an 'ends of justice' continuance under the [Speedy Trial Act] the defendant cannot complain that a continuance violates his or her speedy trial rights."). Fernandez received a timely trial when he was ready for it under the Speedy Trial Act.

## II

The district court acted within its discretion and properly admitted the testimony of Jim and Patricia Rhone under our four-factor test used to determine the admissibility of evidence of prior bad acts under Fed.R.Evid. 404(b). *See, e.g., United States v. Bibo–Rodriguez*, 922 F.2d 1398, 1400 (9th Cir.1991). The evidence adduced at trial tended to prove Fernandez's knowledge (that the methamphetamine was in his vehicle) and his intent (to distribute the drug). The district court prop-

erly considered the prejudicial impact of the evidence and determined that it did not substantially outweigh the probative value. See Fed.R.Evid. 403.

**AFFIRMED.**