**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Clifford BATES, Defendant—Appellant.**

No. 04–50589.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 13, 2005.

Decided Sept. 28, 2005.

694

AUSA, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Holly Sullivan, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: FARRIS, FERNANDEZ, and
BYBEE, Circuit Judges.

MEMORANDUM *

Clifford Johnny Bates appeals from his
jury conviction and sentence for importing
a controlled substance in violation of 21
U.S.C. §§ 952 and 960 and possessing a
controlled substance with intent to distrib-
ute in violation of 21 U.S.C. § 841. He
argues that his conviction was based on
the admission of "other crimes" evidence.
He also complains of the delayed disclo-
sure of an investigative report during trial
and alleges error in his sentence. We
affirm in part and remand for a limited
purpose.

 Bates challenges the admission of
testimony about his prior involvement in
smuggling contraband across the border.
He argues that such testimony was intro-
duced solely to prove his propensity to
smuggle, a purpose forbidden by Rule
404(b). We review *de novo* whether the
evidence falls within the scope of "other
crimes" under Rule 404(b), but we review
the decision to admit evidence for abuse of
discretion. *United States v. Jackson,* 84
F.3d 1154, 1158–59 (9th Cir.1996).

Under Rule 404(b), evidence of a per-
son's other crimes, wrongs, or acts may
not be admitted if it is intended solely to
prove that the person's conduct during the
charged incident is in conformity with his
conduct on a different occasion. Fed.
R.Evid. 404(b). But other act evidence is
admissible for other purposes, such as to
prove motive, opportunity, intent, prepara-

tion, plan, knowledge, identity, or absence
of mistake. *Id.* The Rule also requires
that the prosecution "provide reasonable
notice in advance of trial . . . of the general
nature of any such evidence it intends to
introduce at trial." *Id.* "Failure to provide
notice or obtain an excuse from the district
court, renders the other acts evidence in-
admissible, whether the evidence is used in
the prosecution's case-in-chief or for im-
peachment." *United States v. Vega,* 188
F.3d 1150, 1153 (9th Cir.1999).

Generally, evidence of other acts need
not meet the requirements of Rule 404(b)
when it is inextricably intertwined with the
evidence concerning the crime with which
the defendant is charged. *United States
v. Matthews,* 240 F.3d 806, 817 (9th Cir.
2001). Evidence of other acts is inextrica-
bly intertwined when (1) it constitutes a
part of the transaction that serves as the
basis for the criminal charge, or (2) it
helps the prosecutor "offer a coherent and
comprehensible story regarding the com-
mission of the crime." *United States v.
Vizcarra–Martinez,* 66 F.3d 1006, 1012–13
(9th Cir.1995).

Agent Fejeran testified that Bates ad-
mitted that on each of the two days prior
to his arrest he had driven the same van,
for the same friend, for the same amount
of money, to the same destination, and
returned to the same origin via the same
mode of travel. Agent Fejeran also testi-
fied to Bates' eventual admission that he
suspected he was smuggling narcotics into
the U.S. on the day of his arrest. These
admissions explain the events surrounding
the commission of the charged crime as
well as the circumstances under which
Bates' confession to the illegal importation
was obtained and are, therefore, inextrica-
bly intertwined with the charged crimes.

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as provided by Ninth
Circuit Rule 36–3.

Moreover, Bates' knowledge was an element of the crime charged and a contested issue. His post-arrest admissions do not run afoul of Rule 404(b). Rather, they illustrate that he knew he was smuggling drugs on the occasion in question.[1]

Finally, Agent Fejeran testified to Bates' admission to transporting loads of drugs across the border more than sixty times and his contemporaneous offer to provide information about drug smugglers. The fact that Bates knowingly took drugs across the border on earlier occasions also leads to the legitimate inference that he was not an "innocent dupe" in the instant crime. *United States v. Bibo–Rodriguez*, 922 F.2d 1398, 1400 (9th Cir.1991). And although Bates provided no time frame for his involvement as a frequent passenger in drug-laden vehicles, he offered to provide current information about an ongoing smuggling operation. Thus, "it is reasonable to conclude that he was referring to a period of time which included the charged offense." *Id.* at 1401.

Bates also claims that the Government violated *Brady v. Maryland* by failing to disclose Agent Fejeran's investigative report prior to trial. 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We review *de novo* challenges to a conviction based on *Brady* violations. *United States v. Gordon*, 844 F.2d 1397, 1402 (9th Cir.1988).

Assuming, without deciding, that Bates was entitled to discover Agent Fejeran's investigative report, no due process violation occurred. The Government turned over the report at a time when disclosure was still of substantial value to the accused. *See id.* at 1403. Defense counsel used the report to enter a stipulation of fact into evidence and to cross-examine Agent Fejeran, thereby curing any prejudice caused by the delayed disclosure. *Id.*

After Bates was sentenced, the Supreme Court held that the Sentencing Guidelines are advisory, not mandatory. *United States v. Booker*, —— U.S. ——, ——–——, 125 S.Ct. 738, 764–67, 160 L.Ed.2d 621 (2005). Since nothing in the record indicates whether the district court would have imposed the same sentence had it known the Guidelines were nonmandatory, we remand the sentence in accordance with *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005). *See United States v. Moreno–Hernandez*, 419 F.3d 906, 916 (9th Cir.2005) (concluding "that defendants are entitled to limited remands in *all* pending direct criminal appeals involving unpreserved *Booker* error, whether constitutional or nonconstitutional.") (emphasis in original).

AFFIRMED in part and REMANDED for a limited purpose.

---

**1.** Alternatively, Bates' post-arrest statements were likely admissible as admissions against

self-interest. *See* Fed.R.Evid. 801(d)(2)(A).

* Alberto R. Gonzales is substituted for his pre-
decessor, John Ashcroft, as Attorney General
of the United States. Fed. R.App. P. 43(c)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.