UNITED STATES of America, Plaintiff—Appellee,

v.

Lian Kun ZHU, Defendant—Appellant.

No. 05–10208.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted June 14, 2006.*

Decided July 20, 2006.

As Amended on Denial of Rehearing Nov. 22, 2006.

Esq., USHA—Office of The U.S. Attorney, Hagatna, GU, for Plaintiff–Appellee.

Before: PREGERSON, CANBY, and HALL, Circuit Judges.

MEMORANDUM **

Defendant–Appellant Lian Kun Zhu appeals his jury conviction for selling methamphetamine hydrochloride, commonly referred to as "ice." The issue Zhu presents is whether, pursuant to Federal Rule of Evidence 404(b), the district court abused its discretion when it refused to allow Zhu to present extrinsic evidence that government witness Jiang Li Xia ("Jiang") had access to ice in 2004. Zhu claims that the excluded evidence shows that Jiang had the "opportunity and capacity" to frame Zhu, and that the relevant evidence should have been admitted under Rule 404(b). We hold that the district court abused its discretion when it excluded the evidence at issue. We further hold, however, that such error was harmless beyond a reasonable doubt. Accordingly, we affirm Zhu's conviction.[1]

I. Exclusion of the Evidence

A. Rule 404(b) Analysis

Rule 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The facts of this case are known to the parties and we do not recite them here.

such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

Fed.R.Evid. 404(b). This court uses a four-part test when considering the application of Rule 404(b):

> evidence of prior criminal conduct may be admitted if (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that [the person against whom the evidence is offered] committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged.

*United States v. Mayans,* 17 F.3d 1174, 1181 (9th Cir.1994).[2]

First, the disputed evidence would have "tended to prove [the] material point" that Jiang had access to ice even during her boyfriend Yang Wang's imprisonment. *Mayans,* 17 F.3d at 1181. Second, the one-year time lapse was not a sufficient amount of time to render the excluded evidence inadmissible. Third, in light of the evidence in the record, had the witnesses been allowed to testify, their testimony would have supported a finding that Jiang offered ice to those witnesses.

We conclude that the excluded evidence in this case would have supported Zhu's theory of the case and tended to show that Jiang had access to ice even while her boyfriend was in prison. The district court "should [have] indulge[d] the accused" in this case, and therefore it abused its discretion when it found Zhu's evidence of Jiang's subsequent access to ice inadmissible under Rule 404(b). *United States*

*v. Cruz–Garcia,* 344 F.3d 951, 955 n. 3 (9th Cir.2003).

Even though evidence is admissible under Rule 404(b), it may nevertheless be excluded under Rule 403. *See Cruz–Garcia,* 344 F.3d at 956. Here, the excluded evidence was important to Zhu's case. Accordingly, even though the presentation of the witnesses could have resulted in some delay, the probative value of the evidence outweighs that consideration. In sum, we hold that the district court abused its discretion when it excluded Zhu's extrinsic evidence.

## II. The Error Was Harmless Beyond a Reasonable Doubt

Despite our above conclusions, we hold that the error was harmless beyond a reasonable doubt. *See Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) (stating standard of harmless error review for constitutional violations). The connection was very attenuated between the alleged earlier drug sales and the controlled buys of which Zhu was convicted. The jury was aware that Jiang had participated in drug sales in the past. There was evidence that she and her premises were thoroughly searched before each controlled buy. There was a videotape and at least one audible audiotape of the transactions for which Zhu was convicted. The fact that Jiang had access to ice could not have been the linchpin for the jury. We are convinced "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Id.*

AFFIRMED.

---

2. This court has recognized that the fourth prong of the test is optional when the other acts are being used to show opportunity. *See United States v. Bibo–Rodriguez,* 922 F.2d 1398, 1400 (9th Cir.1991). This case deals with evidence that would tend to prove that Jiang had an opportunity to frame Zhu. Therefore, this case does not require us to apply the fourth prong of the test.