**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10168 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00068-WHA-1 |
| v. | |
| JOHN BROSNAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted May 16, 2012
San Francisco, California

Before: THOMAS, McKEOWN, and W. FLETCHER, Circuit Judges.

John Brosnan appeals from his jury conviction for four counts of wire fraud, one count of obstruction of justice, three counts of perjury, and one count of aggravated identity theft. We affirm. Because the parties are familiar with the factual history of this case, we need not recount it here.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

I

The district court did not abuse its discretion by admitting prior act evidence. Evidence of other acts may be admitted under Federal Rule of Evidence 404(b) if "(1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that [the] defendant committed the other act; and (4) . . . the act is similar to the offense charged." *United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994).

The district court did not abuse its discretion in concluding that evidence of Brosnan's actions in a prior civil lawsuit was admissible because it tended to prove that Brosnan had knowingly and intentionally fabricated documents to defraud the court. The events in the prior lawsuit were similar to and not too remote from the offenses alleged in this case. The evidence was also sufficient to support a finding that Brosnan committed the other act.

Evidence admissible under Rule 404(b) may still be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice." *United States v. Flores-Blanco*, 623 F.3d 912, 919 (9th Cir. 2010) (quoting *United States v. Bibo-Rodriguez*, 922 F.2d 1398, 1400-01 (9th Cir. 1991)). However, the district court did not abuse its discretion in concluding that evidence from Brosnan's prior lawsuit was not unduly prejudicial. Moreover, any danger of

2

unfair prejudice from this evidence "was minimized by the district court's limiting instruction to the jury." *Id.* at 920.

## II

The district court did not abuse its discretion in denying the motion for a mistrial. Brosnan argues that the government impermissibly referenced the Rule 404(b) evidence for propensity purposes during its closing arguments. The district court did not err in concluding that such references were not "clearly designed to show [Brosnan's] propensity." *United States v. Brown*, 327 F.3d 867, 872 (9th Cir. 2003). Brosnan's defense at trial was that he had committed the charged acts, but, because he did not actually draft the fabricated document that he filed with the court, lacked fraudulent intent. The government's comparison of Brosnan's acts in his prior lawsuit to his acts in this case directly rebutted Brosnan's claim that he had no intent to defraud the court by filing the false document, and it was relevant to show intent, preparation, and absence of mistake.

Brosnan did not object to the statements during the argument, nor offer a curative instruction. The court did instruct the jury to consider the prior act evidence for permissible, non-propensity purposes. Given these circumstances, the district court did not abuse its discretion in denying the motion for a mistrial.

## III

3

The district court did not err in admitting what Brosnan contends was improper, unnoticed expert testimony to prove the interstate wire element of the wire fraud counts. The witnesses did not offer opinions based on "scientific, technical, or other specialized knowledge," Fed. R. Evid. 702, but facts based on their "perception" of the structure of the system, Fed. R. Evid. 701. As such, their testimony was properly admitted.

IV

The jury instructions did not result in a constructive amendment or fatal variance of the indictment. The divergence between the wire fraud crime charged in the indictment and the court's instructions to the jury did not "affect the sufficiency of the complaint or alter the crime charged." *United States v. Von Stoll*, 726 F.2d 584, 587 (9th Cir. 1984). The statute under which Brosnan was charged for wire fraud, 18 U.S.C. § 1343, prohibits fraudulent transmissions "in interstate or foreign commerce." Thus, the government was required to prove only that the notices Brosnan triggered through his electronic court filings crossed state lines; where they actually traveled was "mere surplusage that need not be proved." *United States v. Jenkins*, 785 F.2d 1387, 1392 (9th Cir. 1986).

V

Brosnan is not entitled to reversal on the basis of cumulative error. *United States v. Frederick*, 78 F.3d 1370, 1381 (9th Cir. 1996). Because the district court

4

acted within its discretion, there are no trial errors to analyze in the aggregate. Furthermore, given the strength of the government's case, any errors that were present were harmless and "did not render the defense far less persuasive than it might [otherwise] have been." *United States v. Nobari*, 574 F.3d 1065, 1083 (9th Cir. 2009) (internal quotation marks and citations omitted) (alteration in original).

**AFFIRMED.**