UNITED STATES of America,
Plaintiff—Appellee,

v.

Jose Alfredo VARGAS, Defendant—
Appellant.

No. 03–50344.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 2005.

Submission deferred March 23, 2005.

Resubmitted Aug. 8, 2005.

Aug. 8, 2005.

Robert Edward Dugdale, Esq., USLA—
Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff—Appellee.

William C. Melcher, Esq., Melcher, Melcher & Melcher, Woodland Hills, CA, for Defendant—Appellant.

Before: BRUNETTI, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM *

Jose Alfredo Vargas was convicted by jury and sentenced to four concurrent life terms of imprisonment on charges related to a conspiracy to import, possess, and distribute large quantities of cocaine. On appeal, he challenges both the admission of a taped conversation with an informant and his sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

U.S.C. § 3742(a), and we affirm the conviction but order a limited remand to reexamine the sentence.

■ The district court did not abuse its discretion when it admitted the taped conversation between Vargas and an informant as subsequent bad act evidence pursuant to Federal Rules of Evidence ("Rule") 404(b). *United States v. Castillo,* 181 F.3d 1129, 1134 (9th Cir.1999) (stating standard); *see also United States v. Bibo–Rodriguez,* 922 F.2d 1398, 1400 (9th Cir. 1991) (noting that subsequent bad acts are treated the same as prior bad acts for purposes of Rule 404(b)). Nor did the district court err in determining that the taped conversation was relevant to the crime charged. *Id.; see also United States v. Smith,* 282 F.3d 758, 768 (9th Cir.2002).

After determining that the evidence was admissible pursuant to Rule 404(b), the district court also properly applied Rule 403 to balance the potential prejudice before ultimately allowing the prosecution to proffer the evidence to the jury. *United States v. Plancarte–Alvarez,* 366 F.3d 1058, 1062 (9th Cir.2004) (stating that Rule 403 balancing is reviewed for abuse of discretion); *see also Castillo,* 181 F.3d at 1134 (noting that admission of evidence pursuant to Rule 404(b) is subject to Rule 403 analysis). The strong probative value of the taped conversation was not outweighed by unfair prejudice given that Vargas took the stand and testified that he had no knowledge of the cocaine importation at issue and that he had always been a legitimate businessman.

■ Moreover, given the strength of the other evidence presented at trial, the fact that Vargas testified about the conversation and admitted that he discussed cocaine with the informant even before the tape was played for the jury, and considering the district court's limiting instruction to the jury, even if the district court did err in admitting the taped conversation, any error was harmless. *United States v. Beckman,* 298 F.3d 788, 793 (9th Cir.2002) (stating standard); *see also Smith,* 282 F.3d at 769 n. 4 (considering, in its determination that Rule 403 was properly applied, that the district court issued a limiting instruction to the jury to lessen any prejudice).

Because Vargas was sentenced pursuant to the then-mandatory, now-advisory United States Sentencing Guidelines, we must order a "limited remand" pursuant to *United States v. Ameline,* 409 F.3d 1073, 1084 (9th Cir.2005) (en banc).

**CONVICTION AFFIRMED, but SENTENCE REMANDED.**