UNITED STATES of America,
Plaintiff—Appellee,

v.

Jose Alfredo VARGAS, Defendant—
Appellant.

No. 06–50562.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 2007.

Filed Nov. 16, 2007.

Becky S. Walker, Esq., Kevin Scott Rosenberg, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Jose C. Rojo, Esq., Law Offices of Jose C. Rojo, San Diego, CA, for Defendant–Appellant.

Before: WARDLAW, BEA, and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Jose Alfredo Vargas appeals his 405–month prison sentence for his role in a cocaine importation and distribution conspiracy in violation of 21 U.S.C. §§ 841(a)(1), 846, 952, 960, and 963. Because the parties are aware of the facts of this case, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291. Although this was a limited *Ameline* remand, Judge Baird had retired. Therefore, Judge Takasugi conducted a full resentencing, which we review without regard to the standard of review set forth in *United States v. Combs*, 470 F.3d 1294, 1297 (9th Cir.2006) (limiting appellate review of *Ameline* remands to the question of "[w]hether the district judge properly understood the full scope of his discretion in a post-*Booker* world"). We affirm.

Vargas's conviction has previously been affirmed on direct appeal by this court. *United States v. Vargas*, 146 Fed.Appx. 81 (9th Cir.2005) (memorandum disposition). This court remanded his sentence only, pursuant to *United States v. Ameline*, 409 F.3d 1073, 1084 (9th Cir.2005). This ap-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

peal is from the sentence imposed following the limited remand.

■ Under the totality of the circumstances and the factors in *United States v. Gonzalez,* 492 F.3d 1031, 1039 (9th Cir. 2007), the district court's enhancement of Vargas's sentence by three levels for his role as a manager or supervisor did not have a disproportionate effect on his sentence. *See United States v. Dare,* 425 F.3d 634, 642 (9th Cir.2005). Thus, the district court properly applied the preponderance of the evidence standard when determining whether such an enhancement was appropriate. *See United States v. Hopper,* 177 F.3d 824, 833 (9th Cir.1999).

■ Under the preponderance of the evidence standard, the district court did not clearly err when it determined that Vargas's role in the offenses was that of a manager or supervisor. *See United States v. Maldonado,* 215 F.3d 1046, 1050–51 (9th Cir.2000). Vargas exercised decision-making authority, recruited accomplices, and played a large role in planning and organizing the offense. *See* U.S.S.G. § 3B1.1(b) (2005); *see also United States v. Ingham,* 486 F.3d 1068, 1074 (9th Cir. 2007) (quoting U.S.S.G. § 3B1.1 cmt. n. 4 (2005)); *United States v. Hernandez,* 952 F.2d 1110, 1119 (9th Cir.1991) (upholding an upward adjustment for a managerial or supervisory role where defendant recruited others into the criminal activity and exerted minimal control over them).

■ The district court did not abuse its discretion by finding that the hearsay testimony of two of Vargas's co-conspirators was accompanied by sufficient indicia of reliability. *Williams v. New York,* 337 U.S. 241, 246, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); *see also United States v. Littlesun,* 444 F.3d 1196, 1199–1200 (9th Cir.2006). The co-conspirators' statements were "freely and voluntarily given without promise of benefit" and were not in con-

nection with a plea negotiation. *See United States v. Valensia,* 222 F.3d 1173, 1183–84 (9th Cir.2000), *vacated and remanded on other grounds,* 532 U.S. 901, 121 S.Ct. 1222, 149 L.Ed.2d 133 (2001). When viewed in conjunction with the evidence that Vargas was a common point of contact among the members of the conspiracy, the hearsay statements were sufficiently trustworthy. *Id.* at 1184. Nor did the district court abuse its discretion by declining to hold an evidentiary hearing concerning the hearsay evidence. *See United States v. Houston,* 217 F.3d 1204, 1209 (9th Cir. 2000) (noting that "the court is left to its 'discretion' whether it 'permit[s] the parties to introduce testimony or other evidence on the objections'") (quoting Fed. R.Crim. P. 32(c)(1)).

■ The district court properly denied Vargas the two-level reduction in his offense level pursuant to the Guidelines' "safety-valve" provision. *See United States v. Real–Hernandez,* 90 F.3d 356, 360 (9th Cir.1996). Vargas's aggravating role in the offenses as a manager or supervisor statutorily precluded application of the safety-valve provision. 18 U.S.C. § 3553(f)(4); U.S.S.G. § 5C1.2(a)(4). The district court also did not abuse its discretion by failing to conduct an evidentiary hearing on this claim. *See Houston,* 217 F.3d at 1209.

■ The district court did not violate Federal Rule of Criminal Procedure 32(e)(2). A review of the record indicates that only one Presentence Report ("PSR") was prepared, which was disclosed to Vargas and his attorney before the first sentencing hearing that preceded the *Ameline* remand. The PSR was therefore disclosed to Vargas and his attorney well before the second sentencing hearing, which did not take place until after the *Ameline* remand.

■ The district court properly determined the applicable Guideline range, listened to and considered Vargas's argu-

ments concerning his history and personal characteristics, considered the § 3553(a) factors, and reached its sentencing decision by taking into account the nature and circumstances of Vargas's particular offense. Thus, the district court's sentencing decision was reasonable under *United States v. Booker*, 543 U.S. 220, 261, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2469, 168 L.Ed.2d 203 (2007). Explicit reference to a defendant's mitigation arguments is not required. *See Rita,* 127 S.Ct. at 2469; *United States v. Perez–Perez,* No. 06–30341, slip op. 14161, 14164–65 (9th Cir.2007). A district court must only state the reasons for the sentence imposed. *Perez–Perez,* slip op. at 14164; *see Rita,* 127 S.Ct. at 2468.

■ In this appeal, this court will not consider additional challenges to Vargas's conviction that his counsel could have included in his first appeal but did not. *Walnut Properties, Inc. v. City of Whittier,* 861 F.2d 1102, 1106 (9th Cir.1988); *see also United States v. Camou,* 184 U.S. 572, 574, 22 S.Ct. 505, 46 L.Ed. 694 (1902). The only issue before the district court after remand was Vargas's sentence. *Vargas,* 146 Fed.Appx. at 82; *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir. 2005) (en banc). To the extent that Vargas contends these arguments were not raised in his first appeal due to ineffective assistance of counsel, he may bring such claim on collateral attack under 28 U.S.C. § 2255. *See United States v. McKenna,* 327 F.3d 830, 845 (9th Cir.2003).

**AFFIRMED.**

---

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.