Dissenting opinion filed by Circuit Judge WATFORD.
MEMORANDUM ***
Richard Romero and Jack Vose were charged and convicted of conspiracy to possess with intent to distribute marijuana and possession with intent to distribute *811 marijuana. Vose was also charged and convicted of possession of a firearm in furtherance of a drug trafficking offense. They appeal their convictions, arguing that the district court abused its discretion in admitting an unsigned letter over their objections that the letter was inadmissible hearsay. Defendants also contend the district court erred in admitting evidence of Vose’s prior conviction for attempting to possess marijuana for sale. Because any error in admitting the unsigned letter was harmless, and because the district court did not err in admitting the evidence of Vose’s prior conviction, we affirm.
1. We review a district court’s ruling on evidentiary objections, including hearsay-based objections, for an abuse of discretion. United States v. Stinson, 647 F.3d 1196, 1210 (9th Cir.2011). The government’s only argument on appeal as to why the document was not inadmissible hearsay is that the note is the statement of a co-conspirator. However, the government also argues that if the document is hearsay and admitting the document was error, it was harmless error.
The government concedes that it did not argue to the trial court that the note was a co-conspirator’s statement. We have stated that, “to sustain a theory of admissibility not presented below[] would unfairly rob appellants of the opportunity to argue the weight, sufficiency and trustworthiness of the evidence to establish a proper foundation before the trial judge, or to offer proof to controvert the facts now relied upon by the government.” United States v. Ordonez, 737 F.2d 793, 801 (9th Cir.1984).
Even if we were to reach the merits of whether the note is a non-hearsay statement of a co-conspirator, it would not be admissible under Federal Rule of Evidence 801(d)(2)(E). “Before an alleged co-conspirator’s statement can be admitted into evidence under Rule 801(d)(2)(E), the government must establish that the declar-ant ... knowingly participated in a conspiracy.” United States v. Liera, 585 F.3d 1237, 1245 (9th Cir.2009). “In order to corroborate or refute [the declarant’s status as a member of the same ongoing conspiracy], the litigants must know the identity of the declarant.” United States v. Mouzin, 785 F.2d 682, 692 (9th Cir.1986) (emphasis added).
The note at issue here is unsigned. There is no evidence in the record to establish who the declarant might be. Moreover, there is no evidence beyond the statement itself that the declarant knowingly participated in the conspiracy, or that the statement was made in furtherance of a conspiracy. The note cannot be admitted under the co-conspirator exception to the hearsay rule. Id.
Although the district court erred in admitting the unsigned five-page note over defendants’ hearsay objections, the error was harmless. The record contains substantial evidence tying both defendants to the house and to the marijuana found inside the house. Although we have stated the test in various ways, an error admitting evidence is harmless if there is sufficient independent evidence that establishes the defendants’ guilt. See United States v. Shannon, 137 F.3d 1112, 1119 (9th Cir.1998) (error was harmless where “government produced overwhelming evidence against Shannon independent of Eck’s letter”) overruled on other grounds by United States v. Heredia, 483 F.3d 913 (9th Cir.2007) (en banc); see also United States v. Henderson, 68 F.3d 323, 328 (9th Cir.1995) (although prejudicial effect of officer’s opinion substantially outweighed probative value and therefore was error to admit opinion under Rule 403, “error was harmless ... because there was other reliable identification testimony identifying Henderson as the robber”).
*812 2. Defendants also contend Vose’s pri- or drug trafficking conviction should have been excluded under Federal Rule of Evidence 404(b). Although evidence of a defendant’s prior bad acts “is not admissible to show that the defendant has a bad character and is prone to criminal activity, it may be introduced to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.” United States v. Ramirez-Robles, 386 F.3d 1234, 1242 (9th Cir.2004). The Ninth Circuit has long recognized that the'“ ‘rule is one of inclusion’ in that ‘other acts evidence is admissible whenever relevant to an issue other than the defendant’s criminal propensity.’” United States v. Chea, 231 F.3d 531, 534 (9th Cir.2000) (quoting United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir.1982)). If the government seeks to admit such evidence “for one of these reasons, it is the government’s responsibility to show that the evidence (1) proves a material element of the offense for which the defendant is now charged, (2) if admitted to prove intent, is similar to the offense charged, (3) is based on sufficient evidence, and (4) is not too remote in time.” Ramirez-Robles, 386 F.3d at 1242. The only issue in dispute here is whether the evidence proved a material element of the offense charged.
“The crime of possession with the intent to distribute [marijuana] has three essential elements. The government must prove beyond a reasonable doubt that the defendant (1) knowingly, (2) possessed the [marijuana], (3) with an intent to distribute it.” United States v. Innie, 7 F.3d 840, 844 (9th Cir.1993) (internal citation omitted). Defendants argue that prior conviction was not relevant to prove a material element because defendants stipulated that the substance found in the house was marijuana and that it was intended for distribution. Thus, they argue, knowledge and intent were not issues in the case.
However, the stipulation offered was only that the substance was marijuana, and therefore only relieved the prosecution of its burden of proving that it was marijuana. The government still had to prove the defendants knew it was marijuana, and Vose’s prior conviction was relevant to prove his knowledge. See Mehrmanesh, 689 F.2d at 831. Moreover, Vose did not stipulate that he knew the substance, which he later stipulated was marijuana, was even in the house. Indeed, at oral argument Vose’s counsel argued that the prosecution had not shown that the marijuana was in the house at the time Vose was there, clearly indicating that Vose’s knowledge of the presence of marijuana was not conceded. Although defendants asserted that they were not involved rather than claiming that they didn’t know the substance was marijuana, “the fact that appellant’s defense was non-participation does not render the issue of knowledge irrelevant.” United States v. Mayans, 17 F.3d 1174, 1182 (9th Cir.1994). In fact, we confirmed “that knowledge and intent were material issues in the case simply because the government had to prove them.”[1] Id.
By way of comparison, in United States v. Garcia-Orozco, 997 F.2d 1302, 1304 (9th Cir.1993), we held the district court erred in admitting evidence that the defendant had previously been in a car containing drugs. We explained that the prior incident, for which Garcia-Orozco was not *813 convicted, would not put him “on ‘notice’ that every car in which he rode thereafter could contain drugs.” Id. We contrasted United States v. Bibo-Rodriguez, 922 F.2d 1398, 1401-02 (9th Cir.1991), where
we upheld the introduction of evidence that the defendant, who was charged with importing cocaine in the roof panel of a car, had also transported marijuana across the border in the door panel of a car, to prove the defendant’s knowledge of the presence of contraband. The court noted that similarity “is necessary to indicate knowledge and intent,” and that the marijuana importation was “relevant to show that the defendant could not have been duped ... because he repeated a similar, although not identical, action on a subsequent occasion.”
Garcia-Orozco, 997 F.2d at 1304 (quoting Bibo-Rodriguez, 922 F.2d at 1402). This case is much more like Bibo-Rodriguez than Garcia-Orozco; Vose was convicted of possessing a very similar amount of marijuana, packaged in similar bales, in the very same house. His prior conviction was relevant to show his knowledge of the presence of the marijuana.
In a case where “the prior act evidence is admitted to show intent, the prior act offered must be similar to the present offense.” United States v. Ono, 918 F.2d 1462, 1464 (9th Cir.1990). As indicated above, the prosecution bore the burden of proving that Vose had the intent to distribute the marijuana. Assuming the jury believed Vose possessed the marijuana, the prior conviction, a virtual carbon copy of the current charged offense, was also highly relevant to show his intent.
Accepting defendants’ arguments would, in effect, limit admission of prior drug convictions to cases where the defendant denies knowing that the substance was marijuana or claims personal use rather than an intent to distribute. Our precedent does not limit the use of prior similar convictions in this way. See id.
We have held that a district court is less likely to have abused its discretion where it issued an appropriate limiting instruction. United States v. Vo, 413 F.3d 1010, 1019 (9th Cir.2005). The district court here issued a limiting instruction to the jury regarding the prior conviction, advising the jury it could “consider this evidence only for its bearing, if any, on the issues of knowledge, identity, and intent as to defendant Vose and for no other purpose.”
Vose also argues that the district court erred by failing to balance the probative value of his prior conviction against the danger of unfair prejudice under Rule 403. We have explained that, “while the trial court was not required to provide a detailed or even a mechanical recitation of the Rule 403 factors, United States v. Ono, 918 F.2d 1462, 1465 (9th Cir.1990), it was required to apply Rule 403 at this stage.” Mayans, 17 F.3d at 1183. In Mayans, the district court “misunderstood that obligation,” and expressly stated that it didn’t “have to make a determination of [the] probative value [of the evidence].” Id. There is no evidence that here the district court similarly misunderstood its obligation here.
In allowing Rule 404(b) evidence, a district court is not required to recite the corresponding Rule 403 balancing analysis; “[i]t is enough that this court can conclude, based on a review of the record, that the district court considered Rule 403’s requirements.” United States v. Cherer, 513 F.3d 1150, 1159 (9th Cir.2008) (quoting United States v. Rrapi, 175 F.3d 742, 749 (9th Cir.1999)). In Cherer we found no error where the district court had “admitted the prior conviction and AOL complaints, but barred other evidence because *814 it was too prejudicial, demonstrating that it conducted the 403 balancing.” Id.
Here, the record shows that the district court conducted the requisite Rule 403 balancing. In the district court, both parties briefed and argued their views on whether the probative value was substantially outweighed by the danger of unfair prejudice. In ruling the prior conviction evidence admissible, the court noted that “a limiting instruction telling the jury that they could only consider the prior bad act evidence against Mr. Vose as to the substantive court and that it is not proof of the conspiracy and is no evidence against [Mr. Romero], I think, would cure any undue prejudice that might otherwise exist.” Because the court conducted the requisite balancing, even though it did not specifically articulate that balancing, the court did not abuse its discretion. Cherer, 513 F.3d at 1158-59.
3. Finally, Defendants argue that even if neither of the prior claimed errors was sufficient to warrant reversal, together they amount to cumulative error that does. However, any error in admitting the unsigned note was harmless, and there was no error in admitting the evidence of the facts surrounding Vose’s prior conviction. Thus, even cumulatively there is no error that warrants reversal.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. In Mayans, we reversed the district court’s admission of prior acts because the district court did not have sufficient information about the prior acts to verify their relevance. 17 F.3d at 1183. Here, the district court had sufficient information about the prior conviction to establish the striking similarity between the prior act and the current charge. There was no error similar to that in Mayans.