**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

REYNALDO PEDREGON, Jr.,

Defendant - Appellant.

No. 12-10178

D.C. No. 5:10-cr-00344-DLJ-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
D. Lowell Jensen, Senior District Judge, Presiding

Argued and Submitted May 17, 2013
San Francisco, California

Before: McKEOWN and WATFORD, Circuit Judges, and ZILLY, Senior District
Judge.[**]

Defendant Reynaldo Pedregon, Jr., appeals his conviction of possession with

intent to distribute 50 grams or more of methamphetamine in violation of 21

U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). At trial, the government introduced

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Thomas S. Zilly, Senior District Judge for the U.S.
District Court for the Western District of Washington, sitting by designation.

evidence that Defendant had previously been convicted of conspiracy to distribute methamphetamine for the purpose of proving knowledge and intent. Defendant contends that the district court abused its discretion in admitting this evidence. We affirm.

We review for abuse of discretion a district court's admission of evidence under Federal Rule of Evidence 404(b). *United States v. Ramirez-Robles*, 386 F.3d 1234, 1240 (9th Cir. 2004). This Court also reviews for abuse of discretion the district court's balancing of the probative value of evidence against its prejudicial effect under Federal Rule of Evidence 403. *Id*. at 1243.

The district court did not abuse its discretion by admitting the Defendant's prior conviction for conspiracy to distribute methamphetamine because it was probative of Defendant's knowledge of drug distribution and intent to distribute the methamphetamine, both of which are permissible reasons for which evidence of prior drug transactions may be used. The law in this Circuit has long been established that evidence of a prior conviction of a similar crime is admissible under Rule 404(b) to prove knowledge and intent. *See, e.g.*, *United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005) ("We have consistently held that evidence of a defendant's prior possession or sale of narcotics is relevant under Rule 404(b) to issues of intent, knowledge, motive, opportunity, and absence of mistake or accident in prosecutions for possession of, importation of, and intent to distribute

narcotics.") (quoting *United States v. Mehrmanesh*, 689 F.2d 822, 832 (9th Cir. 1982)).  The prior conviction was relevant to Defendant's intent, was similar to the crime charged, and was not too remote.  *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002).

The district court also did not abuse its discretion in finding that the probative value of the prior conviction outweighed any prejudicial effect.  "The decision to admit potentially prejudicial evidence under Rule 403 is 'committed to the sound discretion of the trial court.'" *Boyd v. City and Cnty. of S.F.*, 576 F.3d 938, 948 (9th Cir. 2009) (quoting *United States v. Blitz*, 151 F.3d 1002, 1008 (9th Cir. 1998)).  Rule 403 was properly applied "'[a]s long as it appears from the record as a whole that the trial judge adequately weighed the probative value and prejudicial effect of proffered evidence before its admission.'" *United States v. Verduzco*, 373 F.3d 1022, 1029 n.2 (9th Cir. 2004) (quoting *United States v. Sangrey*, 586 F.2d 1312, 1315 (9th Cir. 1978)).  Evidence that a court has admitted certain evidence of prior bad acts, "but barred other evidence because it was too prejudicial" is sufficient to demonstrate that the court conducted the required Rule 403 balancing.  *United States v. Cherer*, 513 F.3d 1150, 1158-59 (9th Cir. 2008).

Here, the government sought to introduce both a redacted copy of the judgment from Defendant's prior conviction and a factual synopsis of the charges in that case.  The district court ruled that the redacted judgment was admissible

under Rule 404(b), but that the factual synopsis of the prior charge was more prejudicial than probative under Rule 403 and therefore inadmissible except as impeachment or rebuttal. The record reflects that the district court properly considered the probative value versus the prejudicial effect of the evidence under Rule 403 and admitted only the evidence that it concluded was more probative than prejudicial. Additionally, the district court mitigated the risk of unfair prejudice by instructing the jury that evidence of the prior conviction could be considered "only for its bearing, if any, on the question of the Defendant's intent, knowledge, absence of mistake or absence of accident, and for no other purpose."

The dissent states that Defendant's prior conviction had minimal probative value as to knowledge and intent because he did not dispute those issues at trial. This is incorrect. Defendant went to trial on the charge of possession with intent to distribute methamphetamine. At trial, the government had the burden of proving beyond a reasonable doubt that Defendant (1) knowingly, (2) possessed more than 50 grams of methamphetamine, (3) with the intent to distribute it to another person. Nowhere in the record does it reflect that Defendant did not dispute any element of the crime, or that the government was otherwise relieved of its burden of proof.

The dissent's reliance on *United States v. Vavages*, 151 F.3d 1185 (9th Cir. 1998), is also misplaced. We are not bound by dicta—discussions that are "unnecessary to the Court's holdings," *Local 144 Nursing Home Pension Fund v.*

*Demisay*, 508 U.S. 581, 592 n.5—in decisions from our court or any other court. *United States v. Pinjuv*, 218 F.3d 1125, 1129 (9th Cir. 2000). In *Vavages*, we expressly stated that it was unnecessary to reach the issue of whether the district court abused its discretion in admitting evidence of the defendant's prior conviction. 151 F.3d at 1193. Significantly, we ultimately did not decide whether the district court abused its discretion in admitting the prior offense. *Id.* at 1194.

Even if the district court abused its discretion in admitting evidence of the prior conviction, the error was not prejudicial. Given the weight of evidence against Pedregon, it is more probable than not that the jury would have reached the same verdict had evidence of the prior conviction been excluded. *Obrey v. Johnson*, 400 F.3d 691, 701 (2005).

Finally, Defendant challenges the sufficiency of the evidence. Because Defendant failed to move for acquittal at trial, our review "is deferential, requiring reversal only upon plain error or to prevent manifest injustice." *United States v. Green*, 592 F.3d 1057, 1065 (9th Cir. 2010). In this case, there was substantial evidence to support the verdict.

AFFIRMED.

*United States v. Pedregon*, No. 12-10178

WATFORD, Circuit Judge, dissenting:

Pedregon's prior conviction should have been excluded under Federal Rule of Evidence 403. Although a defendant's knowledge is always material, *see United States v. Mayans*, 17 F.3d 1174, 1182 (9th Cir. 1994), evidence of a prior conviction offered to prove knowledge is of "minimal probative value" when lack of knowledge is not raised as a defense. *United States v. Vavages*, 151 F.3d 1185, 1193 (9th Cir. 1998). The same can be said for a prior conviction offered to prove intent and "absence of mistake" when neither of those issues is contested at trial. *See United States v. Romero*, 492 Fed. Appx. 809, 814 (9th Cir. 2012) (Watford, J., dissenting).

Here, Pedregon's conviction had minimal probative value as to knowledge, intent, and absence of mistake because Pedregon did not dispute that whoever possessed the methamphetamine found in his bedroom knew what the substance was and possessed it with the intent to distribute. The only real issue in this case was possession; Pedregon argued that the methamphetamine did not belong to him but rather belonged to one of the other occupants of the house. As to that contested issue, the prior conviction had no probative value except through "the classic propensity inference that Rule 404(a) prohibits": Pedregon was convicted of dealing methamphetamine in the past, so he must be guilty again. *Vavages*, 151

F.3d at 1193–94.  The potential that the jury would draw this unfairly prejudicial inference from the prior conviction was extremely high, substantially outweighing the conviction's minimal probative value as to the undisputed elements of the government's case.

I cannot conclude that it is more probable than not that the erroneously admitted conviction had no effect on the jury's verdict.  *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1017 (9th Cir. 1995).  During closing arguments, the government twice refuted Pedregon's defense that the methamphetamine belonged to someone else by encouraging the jury to draw propensity inferences from the prior conviction:  "[W]ould somebody else place an item worth $3,000 in somebody else's room.  That doesn't make sense.  The evidence makes clear that Pedregon went back to what he knew. . . . He went back to selling methamphetamine."  "So then whose methamphetamine was it? . . . Pedregon knows the distribution of methamphetamine.  You know that.  He's the one in that house that knows that."  In my view, the jury could well have done just what the government asked it to do and reached a guilty verdict based on these propensity inferences.