WATFORD, Circuit Judge,
dissenting:
Pedregon’s prior conviction should have been excluded under Federal Rule of Evidence 403. Although a defendant’s knowledge is always material, see United States v. Mayans, 17 F.3d 1174, 1182 (9th Cir.1994), evidence of a prior conviction offered to prove knowledge is of “minimal probative value” when lack of knowledge is not raised as a defense. United States v. Vavages, 151 F.3d 1185, 1193 (9th Cir.1998). The same can be said for a prior conviction offered to prove intent and “absence of mistake” when neither of those issues is contested at trial. See United *609 States v. Romero, 492 Fed.Appx. 809, 814 (9th Cir.2012) (Watford, J., dissenting).
Here, Pedregon’s conviction had minimal probative value as to knowledge, intent, and absence of mistake because Pe-dregón did not dispute that whoever possessed the methamphetamine found in his bedroom knew what the substance was and possessed it with the intent to distribute. The only real issue in this case was possession; Pedregón argued that the methamphetamine did not belong to him but rather belonged to one of the other occupants of the house. As to that contested issue, the prior conviction had no probative value except through “the classic propensity inference that Rule 404(a) prohibits”: Pedregón was convicted of dealing methamphetamine in the past, so he must be guilty again. Vavages, 151 F.3d at 1193-94. The potential that the jury would draw this unfairly prejudicial inference from the prior conviction was extremely high, substantially outweighing the conviction’s minimal probative value as to the undisputed elements of the government’s ease.
I cannot conclude that it is more probable than not that the erroneously admitted conviction had no effect on the jury’s verdict. United States v. Vizcarra-Martinez, 66 F.3d 1006, 1017 (9th Cir.1995). During closing arguments, the government twice refuted Pedregon’s defense that the methamphetamine belonged to someone else by encouraging the jury to draw propensity inferences from the prior conviction: “[Wjould somebody else place an item worth $3,000 in somebody else’s room. That doesn’t make sense. The evidence makes clear that Pedregón went back to what he knew.... He went back to selling methamphetamine.” “So then whose methamphetamine was it? ... Pedregón knows the distribution of methamphetamine. You know that. He’s the one in that house that knows that.” In my view, the jury could well have done just what the government asked it to do and reached a guilty verdict based on these propensity inferences.