PREGERSON, Circuit Judge,
dissenting:
I dissent. Flores-Perez was charged and convicted of attempted transportation of an illegal alien in violation of 28 U.S.C. § 1324(a) (1) (A) (ii). Evidence of Flores-Perez’s prior alien smuggling acts should have been excluded under Federal Rule of Evidence 403. As the majority recognizes, Flores-Perez did not contest that he was involved in the charged offense; instead, his sole defense was that his conduct did not amount to a substantial step towards commission of the crime. Nonetheless, the court permitted the government to admit Flores-Perez’s prior alien smuggling acts under Rule 404(b) to prove Flores-Perez’s knowledge, intent, and plan — all uncontested issues. As to these uncontested issues, Flores-Perez’s prior alien smuggling acts had minimal, if any, probative value. See United States v. Vavages, 151 F.3d 1185, 1193 (9th Cir.1998) (noting that evidence of the defendant’s prior conviction offered to prove knowledge was minimally probative when the only real issue was identity); United States v. Romero, 492 Fed.Appx. 809, 814 (9th Cir.2012) (Watford, J., dissenting).
As to the contested issue in this case— whether Flores-Perez took a substantial step towards commission of the crime — his prior alien smuggling acts had no probative value, except as impermissible propensity evidence. Once the jury learned that Flores-Perez previously was involved in alien smuggling, his defense was doomed. Thus, the risk of unfair prejudice from his prior alien smuggling acts was great and substantially outweighed the evidence’s minimal probative value.